UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case Nos. 6:19-CR-26 |
| : | |
| : | |
| ALEXANDER TIMOTHY CROSS : | |

## UNITED STATES' SENTENCING MEMORANDUM

The defendant, Alexander Timothy Cross, is to be sentenced on April 26, 2021 in Lynchburg, Virginia for possession of firearms by a prohibited person that occurred on September 25, 2019. The defendant amassed multiple weapons and a substantial quantity of ammunition, and made statements and writings indicating his intent to harm public officials and others. The defendant's conduct was dangerous and serious. Based on the defendant's current condition and taking into account the factors enumerated in 18 U.S.C. § 3553(a), the United States is recommending a sentence of 30-months imprisonment.

## PROCEDURAL HISTORY

The defendant was charged in a superseding indictment by a grand jury in the Western District of Virginia on November 20, 2019 for one count of possession of firearms by a person previously committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4). ECF No. 21. On October 16, 2020, the defendant pleaded guilty to the superseding indictment absent a plea agreement. ECF No. 55. The defendant is facing a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a maximum term of supervised release of three years. 18 U.S.C. § 924(a)(2).

1

The defendant's sentencing hearing is scheduled for April 26, 2021, in the United States District Court in Lynchburg, Virginia. The defendant was a taken into custody September 25, 2019 and has served approximately 19 months.

## SENTENCING LAW

District courts generally must perform the following four steps in sentencing defendants after *United States v. Booker*, 543 U.S. 220 (2005): (1) "properly calculate the sentence range recommended by" the advisory Sentencing Guidelines; (2) "determine whether a sentence within that range and within statutory limits serves the factors set forth in [18 U.S.C.] § 3553(a) and, if [it does] not, select a sentence that does serve those factors;" (3) implement any applicable mandatory statutory limitations; and (4) articulate, on the record, "the reasons for selecting the particular sentence" and especially, if applicable, "explain[] why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)" than one within it.  *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); see *Booker*, 543 U.S. at 260-65, 268; 18 U.S.C. § 3553(a).

As set forth below, a sentence of 30 months at the low end of the applicable guidelines range properly serves the relevant sentencing purposes set forth in 18 U.S.C. § 3553(a).

I.     **Defendant's Advisory Sentencing Guideline Range**

Law enforcement responded to the defendant's home in Dillwyn, Virginia on September 25, 2019, after receiving information the defendant had acquired firearms and had an "execution list." PSR ¶ 13. Law enforcement searched the defendant's home, pursuant to search warrant, and recovered three firearms and a large amount of ammunition, including nineteen 30-round magazines for one of the rifles found in the home. PSR ¶¶ 14-15. Law enforcement also found a tactical vest and lists of individuals written by the defendant that included the President of the

United States, celebrities, and other public officials. PSR ¶ 15. During a subsequent search of the defendant's locked vehicle found at his home, law enforcement located an additional firearm and ammunition. PSR ¶ 19.

The defendant was interviewed by law enforcement and shown the handwritten documents found in his home. PSR ¶ 18. The defendant stated one document, labeled "21-11-21," referred to the number of bullets in his gun. PSR ¶ 18. The defendant stated the document was a "hit list" and he was going to kill the individuals on the list at the base of the Washington Monument. PSR ¶ 18. In a letter addressed to the United States Attorney, the defendant stated that the "list I had compiled, of which you are undoubtedly aware, was meant to function as a record-keeping device, not necessarily a 'hit list' per se." PSR ¶ 20. The defendant stated, "I choose to call the list of transgressor my 'List for Immediate Adjudication.'" PSR ¶ 20. The defendant elaborated, "I believe that I should (and indeed already do) have the dual authorization to make decisions up to and including Life and Death with regard too every single, individual human life on this planet" and added that "Between you, me, and the judge overseeing this case, I did in fact carry one of my pistols on my person every single day for the past 2.5 years and nobody ever got close to being shot.'" PSR ¶ 20.

Prior to the commission of the offense, the defendant had been committed to a mental institution. The defendant was arrested on February 5, 2016 for assault on a law enforcement officer in Amelia County, Virginia. PSR ¶ 12. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█

The United States Sentencing Guidelines call for a base offense level of 20, pursuant to § 2K2.1(a)(4)(B). PSR ¶ 25. There is a two-level enhancement because the offense involved four firearms, pursuant to § 2K2.1(b)(1)(A). PSR ¶ 26. After a reduction for acceptance of responsibility, the defendant's total offense level is 19. PSR ¶ 34.

The defendant had previously been convicted of driving while intoxicated in 2015, resulting in one criminal history point. PSR ¶ 37. The defendant had also been arrested for assault and battery on a law enforcement officer, resisting arrest, and assaulting a jail employee, in 2016. PSR ¶¶ 43–44. ████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

The defendant's total criminal history category is I. PSR ¶ 39. The guidelines call for a range of imprisonment of 30 to 37 months. PSR ¶ 63. The United States is asking this Court to sentence the defendant to 30 months, representing the low end of the guidelines range, in order to properly account for all of the information about this particular defendant that is before the Court.

II.  **The Factors Under 18 U.S.C. § 3553(a) Support a Sentence of 30 Months**

A review of all of the sentencing factors delineated under 18 U.S.C. § 3553(a), indicates that the most appropriate sentence for the defendant is a sentence that falls at the low end of the guidelines range.

"The Court shall impose a sentence sufficient, but not greater than necessary, to comply

with the purposes" of sentencing. 18 U.S.C. § 3553(a).  Specifically, the Court must consider the following goals when determining a sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

In addition to considering the goals of criminal sentencing, the Court must consider the following factors when calculating a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Guidelines and Guideline range; (4) the Guidelines' policy statements; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1) and (3)-(7); *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir. 2006).

> A. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant*

The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence.  18 U.S.C. § 3553(a)(1).



The defendant's conduct is serious and should give the Court cause for alarm. The

defendant acquired four firearms, high-capacity magazines, a tactical vest, and a substantial quantity of ammunition. The defendant was prohibited from doing so and did so illegally. But, beyond the acquisition of firearms by a prohibited person, the defendant took those steps while holding delusional and dangerous beliefs. The defendant believed he could "make decisions up to and including Life and Death with regard too every single, individual human life on this planet," and maintained a list of public officials and others as he referred to as "transgressors." PSR ¶ 20. Any harm that the defendant could have caused was prevented by law enforcement's intervention, but the defendant's actions created a serious and dangerous risk.

At the same time, the defendant's criminal history is limited, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Taken together, a sentence of 30 months would reflect the seriousness of the defendant's conduct while acknowledging his history and characteristics.

B.   *The Need for the Sentence Imposed to Comply with the Purposes of Sentencing Outlined in Section 3553(a)(2)*

The needs for the sentence imposed to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence, and protect the public support a sentence within the range recommended by the government. *See* 18 U.S.C. § 3553(a)(2).

A sentence of 30 months is sufficient to promote respect for the law and provide just punishment, but a greater sentence is not necessary to provide additional deterrence or protect the public from the defendant. As described above, the defendant's conduct was serious and it is deserving of a sentence that reflects the danger created by the defendant.

However, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ A sentence greater than 30 months

6

would not additionally serve those ends.

    C.    *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct*

Because uniformity remains an important goal of sentencing, Section 3553(a)(6) directs district courts to consider "the need to avoid unwarranted sentence disparities." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

While there are many prosecutions of possession of firearms by prohibited persons, there are few under 18 U.S.C. § 922(g)(4) for those previously committed to a mental institution. The defendant's Guideline's range demonstrates what others found guilty of possessing firearms while being prohibited would face with the same type and quantity of weapons. Accordingly, this Court should impose a sentence of 30 months to avoid disparities with similarly situated defendants.

    D.    *The Need to Provide Restitution to Any Victim(s) of the Offense*

No restitution is appropriate here.

**III.    Sentencing Exhibits and Witnesses**

The United States does not intend to introduce any exhibits or to call any witnesses during the sentencing hearing in this case.

## **CONCLUSION**

Accordingly, the United States respectfully asks the Court to impose a sentence of 30 months incarceration, representing the low end of the applicable guidelines range.

                          Respectfully submitted,

                          DANIEL P. BUBAR
                          Acting United States Attorney

/s/Sean M. Welsh
Sean M. Welsh
Assistant United States Attorney
VSB No. 89660

United States Attorney's Office
255 West Main Street
Charlottesville, VA 22902
TEL (434) 293-4283
Sean.Welsh2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Sean M. Welsh
Assistant United States Attorney
